*Formatted for Electronic Distribution*                                                                                                                           *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
September 6, 2012

In re:

    **Cassie J. Carlson,**                                                                                                    **Chapter 13 Case**
                  **Debtor.**                                                                                                       **# 12-10589**

## ORDER
### FINDING CLASSIFICATION OF STUDENT LOAN DEBT IN COMPLIANCE WITH BANKRUPTCY CODE

On September 4, 2012, the Court held a confirmation hearing in this case, with respect to the Chapter 13 plan the Debtor filed on July 12, 2012 (doc. # 6). Under the terms of the plan, the Debtor proposes to pay her student loan debt directly to Sallie Mae, according to the terms of the loan contract, and to pay all other general unsecured creditors a 100% dividend through the five-year plan. The Court raised the question of whether this treatment complied with the Bankruptcy Code's prohibition against unfair discrimination among creditors in the same class. The Trustee did not object to the plan because he shared the Debtor's position that this treatment did not constitute unfair discrimination. The Court found that the plan met all other requirements for confirmation and took the plan under advisement solely to determine if this treatment of the student loan debt was proper.

The controlling provision of the Bankruptcy Code provides in pertinent part as follows:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> > (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, **but may not discriminate unfairly against any class so designated**; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims . . ..

11 U.S.C. § 1322(b)(1) (2012) (emphasis added). The Debtor's plan does separately classify the student loan debt by paying it outside the plan. The facts underlying this classification, however, are rather unusual in that all general unsecured creditors other than the student loan creditor are being paid in full. Since, under these circumstances, the Debtor's payment of the student loan debt outside the plan does not diminish the treatment of other unsecured creditors, the Court finds it is not unfair discrimination. See In re Potgieter, 436 B.R. 739 (Bankr. M.D. Fla. 2010).

1

Accordingly, the Court confirms the Debtor's plan and directs the Trustee to file a proposed confirmation order.

SO ORDERED.

|  |  |
|---|---|
| September 6, 2012 | Colleen A. Brown |
| Rutland, Vermont | United States Bankruptcy Judge |